# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No. 10-cr-00326-PAB-17

UNITED STATES OF AMERICA,

    Plaintiff,

v.

17.  TERRY MARGHEIM

    Defendant.

---

# ORDER

---

Before the Court is Terry Lee Margheim's Motion to Dismiss the indictment against him in this case based upon an alleged violation of the Speedy Trial Act, 18 U.S.C. § 3161 et seq.  (Doc. # 2117, hereinafter the "Motion.")[1]  The Government has not responded.  Having reviewed the Motion along with the docket history and the relevant record in this case, the Court DENIES the Motion, for the reasons discussed below.

## BACKGROUND

---

[1] Margheim also alleges violations of the Fifth and Sixth Amendments of the U.S. Constitution, but beyond the passing reference to those amendments in the introductory sentence of the Motion, he makes no argument regarding constitutional error.  The Court will not manufacture arguments on Margheim's behalf, so neither of those arguments are before the Court.

2

This large criminal case, which has involved thirty-one codefendants, dates back to a June 10, 2010, indictment. Margheim faces multiple weapons-possession and drug-distribution charges, although unlike most of his codefendants, he does not also face conspiracy charges. At present, Margheim is the only defendant who has not entered into a plea bargain and for whom a trial date has been set. A four-day trial is scheduled to commence, for Margheim only, on April 16, 2012.[2]

## DISCUSSION

The Court discerns three chief contentions in the Motion. First, Margheim argues that "because he was not charged in the conspiracy and did not have standing to join any of the evidence-based motions filed by other defendants, . . . [Margheim's] time would not have been tolled by their motions." (Motion at 7.) Second, Margheim argues that Judge Brimmer's August 3, 2010, order granting a 120-day exclusion of time under the Speedy Trial Act "did not tie the 120 period of delay with sufficient detail to the nature of the prosecution against him, and the need for delay to prepare a defense on his behalf." (Id.) Finally, Margheim argues that, assuming arguendo the 120-day exclusion was proper as to him, "any delay beyond 120 days was unreasonable." (Id. at 7-8.)

**I. Generally Speedy Trial Act exclusions for one defendant apply to all codefendants**

As a general matter, the Speedy Trial Act requires the Government to try a defendant "within 70 days of the latest of a defendant's indictment, information, or

---

[2] Margheim's case was transferred to this Court from Judge Brimmer's docket on March 30, 2012. (Doc. # 2116.)

appearance." Henderson v. United States, 476 U.S. 321, 326 (1986); see 18 U.S.C. § 3161(c). But the Speedy Trial Act excludes from this seventy-day time period "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). Therefore, "an exclusion attributable to one defendant is applicable to all co-defendants," subject to a reasonableness determination, addressed below. United States v. Vogl, 374 F.3d 976, 983-84 (10th Cir. 2004). There is no requirement that, for this exclusion to apply, the defendants must all be charged with conspiracy or share any other common count, or that the defendant must join the motions for exclusion from Speedy Trial Act calculations filed by his codefendants. See id.; see also United States v. Olivo, 69 F.3d 1057, 1061 (10th Cir. 1995).

II. **The 120-day exclusion on August 3, 2010, was justified under the statute**

On August 3, 2010, in a lengthy motions hearing involving the thirty-one codefendants, Judge Brimmer granted a 120-day exclusion of time for this case under the "ends of justice" exception of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7). (Doc. #805, Transcript of 8/3/10 hearing.) The Government and a couple of defendants had requested an exclusion of 180 days (see id. at 39), while Margheim and most of his codefendants had requested an exclusion of 90 or 120 days (see id. at 37, 39).

Margheim argues that Judge Brimmer failed adequately to justify the exclusion of time as to Margheim in particular. In support of that contention, Margheim block-quotes a paragraph from the court's minute order summarizing the August 3, 2010, hearing

(Motion at 10), and argues that such a terse statement does not satisfy the standard articulated in United States v. Toombs, 574 F.3d 1262, 1269-72 (10th Cir. 2009) (holding a court must explain in fair detail why the specific circumstances of a case warrant an exclusion pursuant to the express considerations of the statute).

Margheim's argument is unfounded.  First, even if the minute order alone may have been deficient under Toombs, Margheim fails to note that at the motions hearing that same day, Judge Brimmer exhaustively explained why the particular circumstances of this case warranted a 120-day ends-of-justice exclusion, examining the appropriate statutory considerations and emphasizing, among other facts, the unusually vast amount and difficult-to-review format of discovery material in this case.[3]  (Doc. #805 at 38-42.) The Court thus discerns no problem of inadequate explanation or defense of the 120-day ends-of-justice exclusion.  Second, exclusions of time under the Speedy Trial Act generally apply to all codefendants, see Vogl, 374 F.3d at 983, and as discussed below, the Court identifies no exceptional circumstances that might render that general rule unreasonable in Margheim's case, see id. at 983-84.  Therefore, Judge Brimmer was under no obligation to make a separate finding specifically tailored to Margheim.

**III.    Margheim's upcoming trial is timely under the Speedy Trial Act**

In light of the Speedy Trial Act's seventy-day time period in which the Government has to try Margeheim, see 18 U.S.C. § 3161(c), coupled with the 120-day ends-of-justice exclusion entered in this case, Margheim's trial, set to begin April 16,

---

[3] Oral statements of the court are properly considered in evaluating the adequacy of proffered justification for an exclusion.  See Toombs, 574 F.3d at 1271.

2012, will not violate the Act. This is true measuring that period from the date the last of Margheim's codefendants first appeared in this court, which is the relevant date for this inquiry, see Henderson, 476 U.S. at 323 n.1, United States v. Mayes, 917 F.2d 457, 460 (10th Cir. 1990), although the Court notes that it is also true even if the period is measured from the date Margheim made his initial appearance, see 18 U.S.C. § 3161(c). Most of the delay between those dates and the April 16, 2012 trial date is excluded from the speedy trial clock by pending motions filed by either Margheim or his codefendants. See 18 U.S.C. § 3161(h)(1)(D), (6).

Margheim argues that any delay beyond 120 days is unreasonable. See 18 U.S.C. § 3161(h)(6) (excluding "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for speedy trial has not run and no motion for severance has been granted"). As an initial matter, with the usual seventy-day time period provided by the Speedy Trial Act and the 120-day ends-of-justice exclusion entered in this case, the Government has 190 days in which to try Margheim.

Further, it is reasonable to exclude delay attributable to the motions filed by Margheim's codefendants. In determining reasonableness under § 3161(h)(6), the Court looks to all of the relevant circumstances and considers, in particular, 1) whether the defendant has been free on bond; 2) whether he has zealously pursued a speedy trial; and 3) "whether the circumstances further the purpose behind th[is] exclusion to accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial." Vogl, 374 F.3d at 983-84 (internal quotation marks

omitted).  Here, Margheim has not been free on bond.  But that fact is not dispositive.  See Olivo, 69 F.3d at 1061.  Although he has filed several pro se motions asserting his speedy trial rights, he also filed a counseled motion for an ends-of-justice continuance and a counseled motion to suppress evidence which was pending for a significant time.  See id. at 1062 (considering whether the defendant contributed to the delay).  Margheim never filed a motion to sever his trial from that of his codefendants.  See id.  While he is currently the only defendant left to be tried, that was not true when, in February 2012, the Court set the current trial date.  Lastly, the circumstances presented by this case make it reasonable to try all of the charged defendants in one proceeding in order to accommodate the efficient use of prosecutorial and judicial resources.  Cf. United States v. Tranakos, 911 F.2d 1422, 1425-26 (10th Cir. 1990) (holding reasonable a fifteen-month delay caused by co-defendant's motion).

## CONCLUSION

For the foregoing reasons, the Motion is DENIED, and Margheim's case shall proceed in this Court as currently scheduled.

Dated this   5th   day of April, 2012.

BY THE COURT:

s/ David M. Ebel

_____
UNITED STATES DISTRICT COURT