# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00481-DME
Criminal Action No. 10-cr-00326-PAB-17

UNITED STATES OF AMERICA,

      Plaintiff,

v.

17.  TERRY MARGHEIM,

      Defendant.

---

## ORDER DENYING RELIEF ON RECONSIDERATION

---

The Court previously denied Defendant Terry Margheim's 28 U.S.C. § 2255 motion in part. Before the Court now is Margheim's pro se "Motion to Reconsider Dismissal of Claim III of the § 2255 Motion." (Doc. 2588.) Construing that motion liberally, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the Court DENIES relief on reconsideration.[1]

Margheim's Claim III contained, among others, his argument that the Government violated the Speedy Trial Act ("STA"), 18 U.S.C. §§ 3161-74, by trying him more than seventy days after his initial appearance. The Tenth Circuit rejected that

---

[1] Margheim filed a motion to extend the time for him to file a motion for reconsideration. (Doc. 2585.) That motion was unnecessary because the Court's December 2015 order denied his § 2255 motion only in part and so was not a final, appealable order. See Wagoner v. Wagoner, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991) (stating that motion to reconsider nonfinal order invokes district court's "general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment and, as such, did not call into play the timing and tolling considerations attendant upon motions to alter or amend judgment under Fed. R. Civ. P. 59(e)" (citations omitted)). The Court, therefore, DENIES Margheim's motion for extension of time to seek reconsideration as moot.

contention on direct appeal. United States v. Margheim, 770 F.3d 1312, 1318-25 (10th Cir. 2014), cert. denied, 135 S. Ct. 1514 (2015).

In his § 2255 motion and, again, in his motion for reconsideration, Margheim argues that the Tenth Circuit erred in excluding from the seventy-day STA clock 1) thirty-one days, instead of thirty, for the trial court's consideration of Margheim's motion to withdraw his suppression motion, and 2) thirty-one days, instead of thirty, for consideration of his motion to withdraw his other pretrial motions. But the Tenth Circuit excluded only thirty days, not thirty-one, for consideration of the motion to withdraw the suppression motion. Margheim, 770 F.3d at 1323. The Court, therefore, considers here only the Tenth Circuit's exclusion of thirty-one days, instead of thirty, for consideration of Margheim's motion to withdraw his other pretrial motions.

Although Margheim contends that the Tenth Circuit erred in excluding this extra day, he cannot use § 2255 to challenge the correctness of the Tenth Circuit's decision. See United States v. Rodriguez, 768 F.3d 1270, 1272 & n.3 (10th Cir. 2014). He also argues, however, that his direct-appeal attorney's representation was ineffective for not arguing against the Tenth Circuit's exclusion of thirty-one days, instead of thirty, for his motion to withdraw his other pretrial motions. Counsel will be ineffective if his representation was deficient and that deficiency prejudiced Margheim's defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

Even assuming, for the sake of argument, that defense counsel's performance was deficient in failing to prevent the Tenth Circuit from erroneously excluding an extra day with regard to Margheim's motion to withdraw his nonsuppression pretrial motions,

that deficient performance did not prejudice Margheim.  The Tenth Circuit determined that the Government tried Margheim with two days to spare, after sixty-eight of the seventy days had passed.  If the Tenth Circuit erred in excluding one day, his trial would still have been timely and Margheim would not be entitled to relief under the STA.

Therefore, it is ordered that Margheim's motion for reconsideration (Doc. 2588) is DENIED; and his motion for extension of time to file his reconsideration motion (Doc. 2585) is DENIED as moot.

Dated this __10th__ day of _____February_____, 2016.

BY THE COURT:

*s/ David M. Ebel*

U. S. CIRCUIT COURT JUDGE